UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JADEN BROWN**, ) | |
| An individual, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | |
| ) | |
| **CUMBERLAND COUNTY,** ) | |
| a Municipal Corporation ) | |
| organized and existing under the laws ) | |
| of the State of Maine; ) | |
| **KEVIN JOYCE** individually and as Sheriff ) | Docket 20-CV- |
| of Cumberland County; **TIMOTHY KORTES** ) | |
| individually and as an employee of the Cumberland) | |
| County Sheriff's Department; **MARK RENNA** ) | |
| individually and as an Employee of the ) | |
| Cumberland County Sheriff's Department; ) | |
| **SAM DICKEY** individually and as ) | |
| an employee of the Cumberland County Sheriff's ) | |
| Department; Deputy **BRADY** individually and as ) | |
| an employee of the Cumberland County Sheriff's ) | |
| Department; Deputy **HASKELL**, individually and ) | |
| as an employee of the Cumberland County ) | |
| Sheriff's Department; ) | |
| ) | |
|     Defendants ) | |

**NOW COMES** Plaintiff, Jaden Brown, an individual, by and through

counsel, Sarah A. Churchill, Esq., and complains against Defendants as follows:

**JURISDICTION**

1.    This action arises under 42 United States Code (U.S.C.) §§ 1983, 1985, and 1988; the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; Article 1 §§ 1, 6, 6-A and 9 of the Maine Constitution; 5 M.R.S.A. § 4682 (the Maine Civil Rights Act); 15 M.R.S.A. § 704; 30-A M.R.S.A. §1582 and 14 M.R.S.A. § 8101 *et seq.* (the Maine Tort Claims Act).

2.    This Honorable Court has original jurisdiction of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    This Honorable Court may exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

4.    This Honorable Court wields jurisdiction over each Defendant named herein pursuant to 14 M.R.S.A. § 704-A in that each Defendant is domiciled in the State of Maine.

## VENUE

5.    Venue is properly before this Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all acts complained of occurred in Cumberland County, Maine.

## PARTIES

6.    Plaintiff, Jaden Brown, is a citizen of the United States and a resident of the State of Maine, residing in Androscoggin County.

7.     Defendant Kevin Joyce was at all times referred to herein Sheriff of Cumberland County.

8.     The Sheriff of Cumberland County is responsible for running the Cumberland County Jail.

9.     Defendant Joyce is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

10.     Defendant Joyce is further responsible for enforcing the regulations of the Cumberland County Sheriff's Department, making and enforcing police department policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the Cumberland County Jail obey the laws of the State of Maine and the United States of America.

11.     Defendant Joyce is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

12.     Defendant County of Cumberland is a political subdivision of the State of Maine and is a member of the Maine County Commissioners' Association Risk Pool which provides coverage for claims such as those mentioned herein.

13.     The Cumberland County Jail is a correctional facility organized under the administration of the laws of Cumberland County, the State of Maine and the United States.

14.     Defendant Major Timothy Kortes was at all times referred to herein the head administrator of the Cumberland County Jail.

15.     Defendant Kortes' supervisory responsibilities include oversight of the corrections division of the Cumberland County Jail.

16.     Defendant Kortes is responsible for the training, supervision, and conduct of Defendant officers, as more fully set forth below.

17.     Defendant Kortes is further responsible for enforcing the regulations of the Cumberland County Sheriff's Department, making and enforcing jail and correctional policies that protect the constitutional rights of citizens, and for ensuring that the correctional officers of the Cumberland County Jail obey the laws of the State of Maine and the United States of America.

18.     Defendant Kortes is further responsible for ensuring that all inmates received appropriate medical care in compliance with the laws of the State of Maine and the United States Constitution.

19.     Defendant Kortes is also a policy maker for the Cumberland County Jail.

20.     Defendant Mark Renna was at all was at all times mentioned herein a duly appointed and acting as a corrections officer at the Cumberland County Jail in Cumberland County Maine.

4

21.     At all times herein Defendant Mark Renna was acting in the capacity of agent, servant, and employee of Cumberland County.

22.     Defendant Sam Dickey was at all was at all times mentioned herein a duly appointed and acting as a corrections officer at the Cumberland County Jail in Cumberland County Maine.

23.     At all times herein Defendant Sam Dickey was acting in the capacity of agent, servant, and employee of Cumberland County.

24.     Defendant Deputy Brady, a female corrections officer, was at all was at all times mentioned herein a duly appointed and acting as a corrections officer at the Cumberland County Jail in Cumberland County Maine.

25.     At all times herein Defendant Deputy Brady was acting in the capacity of agent, servant, and employee of Cumberland County.

26.     Defendant Deputy Haskell, a male corrections officer, was at all was at all times mentioned herein a duly appointed and acting as a corrections officer at the Cumberland County Jail in Cumberland County Maine.

27.     At all times herein Defendant Deputy Haskell was acting in the capacity of agent, servant, and employee of Cumberland County.

28.     The conduct of defendants joining, severally, individually, and in their representative capacities, in allowing a custom and practice of inadequately treating the known mental health concerns of inmates caused grievous injury to

Plaintiff and deprived her of her rights, privileges and immunities under the Constitution of the United States and the State of Maine.

29.     Plaintiff sues all the defendants in their individual, as well as official capacities.

## STATEMENT OF FACTS

30.     In July of 2018 Plaintiff turned herself in on an outstanding warrant of arrest at the Cumberland County Jail.

31.     The warrant of arrest was for a probation violation.

32.     Plaintiff was sentenced to serve a total of 15 months in the Cumberland County Jail for the violation of probation in July of 2018.

33.     Plaintiff was pregnant at the time she turned herself into the Cumberland County Jail.

34.     Plaintiff was transferred from the main jail to the Prerelease center prior to December of 2018.

35.     The Prerelease Center is across a parking lot from the main jail.

36.     Inmates who are housed at the Prerelease Center are still in the custody of the Cumberland County Jail at all times.

37.     On or about December 29th other inmates at the Prerelease Center complained to corrections officers that Plaintiff was threatening to turn the inmates in for using drugs.

38.     These complaints were unfounded in that Plaintiff had not threatened these inmates but Plaintiff in fact had reported the inmates for using drugs at the Prerelease Center.

39.     As a result of the inmate complaints Defendants decided to return Plaintiff to the main jail building.

40.     In December of 2018 Plaintiff was 35 weeks along in her pregnancy and visibly pregnant.

41.     Defendants were aware Plaintiff was pregnant during the entire time relevant to this complaint.

42.     On December 29th or 30th Defendant Renna was charged with taking Plaintiff from the Prerelease Center back to the main jail.

43.     Plaintiff was hand cuffed by Defendant Renna while visibly pregnant and walked across the parking lot back to the main jail.

44.     At no time did Plaintiff pose a safety or a security risk to Defendant Renna or any other person.

45.     Handcuffing Plaintiff in this manner was in violation of 30-A M.R.S.A. §1582.

46.     Defendant Renna was supervised at this time by Lieutenant William Brady.

47.     At some point in time Defendant Renna realized he had violated jail policy, but not the statute, by handcuffing Plaintiff and reported this matter to Lt. Brady.

48.     Lt. Brady failed to make his supervisors aware of Defendant Renna's violation and signed off on an inaccurate report of Plaintiff's transfer back to the main jail by failing to note that handcuffs were applied to Plaintiff.

49.     Defendant Joyce was not made aware of the incident involving Defendant Renna and Plaintiff until February of 2019 when alerted to the incident by Plaintiff's counsel.

50.     This was not the first time that deputies and supervisory staff at the Cumberland County Jail had violated 30-A M.R.S.A. §1582 by applying handcuffs to a pregnant inmate.

51.     On February 11, 2019 Plaintiff was still an inmate at Cumberland County Jail when she went into active labor.

52.     Plaintiff was transported to Maine Medical Center with corrections officers to give birth to her child.

53.     Plaintiff was not allowed to have any family in the labor and deliver room with her at Maine Medical Center.

54.     Male and female corrections officers who were employed by Defendant Cumberland County were present in the labor and delivery room throughout the 20 hours Plaintiff was actively birthing her child.

55.     The presence of the corrections officers was not at the request from medical professionals and Plaintiff did not pose an escape or security risk during this time.

56.     Specifically Defendant Deputy Brady and Defendant Dickey were present in the labor and delivery room when Plaintiff's child was born.

57.     Defendants Brady and Dickey both saw Plaintiff and her child's naked and exposed bodies.

58.     During her labor corrections officers from the jail were freely coming and going from Plaintiff's room using their cell phones, joking that Plaintiff should name her child after the jail and drinking coffee.

59.     Defendants Haskell, Dickey, and Brady were all present in the labor and delivery room without Plaintiff's permission during the birth of her child.

60.     The presence of corrections officers in the labor and delivery room without Plaintiff's permission or the request of medical personnel is a violation of 30-A M.R.S.A. §1582.

61.     Plaintiff did not pose a security risk or danger to anyone while she was a patient at Maine Medical Center during her child's birth.

62.     Defendant Joyce and Kortes have admitted that the Cumberland County Jail staff violated 30-A M.R.S.A. §1582 in their treatment of Plaintiff.

63.     Defendant Joyce is the chief policy maker for the Cumberland County Sheriff's Department.

64.     Defendant Joyce is responsible for training and supervision of Defendants Dickey, Brady, Haskell and Renna, and failed in his duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

65.     Defendant Kortes is a policy maker for the Cumberland County Sheriff's Department.

66.     Defendant Kortes is responsible for training and supervision of Defendants Dickey, Brady, Haskell and Renna, and failed in his duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

67.     Defendant Cumberland County is also responsible for the training and supervision of the correctional officers and failed in its duty to either train or supervise the Defendants as they were acting in their capacity as corrections officers.

68.     Defendant Cumberland County has a pattern and practice of failing to provide adequately train and supervise police officers as they are constitutionally required.

69.     As a result of the actions of Defendants Plaintiff has suffered injuries including but not limited to: anxiety; embarrassment; shame; and degradation.

## COUNT I

## VIOLATION OF 42 U.S.C. § 1985

70.     Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

71.     Defendants acted in concert and agreed to commit acts against the Plaintiff to deny the protections guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

72.     Specifically, the actions of Lt. Brady in covering up for the violations of Defendant Renna and the failure to train and supervise officers regarding their obligations for treatment of pregnant inmates are specific acts done in concert in furtherance of this conspiracy.

73.     Defendants' actions inflicted a wrong and/or injury upon Plaintiff that resulted in damages.

74.     Defendants' actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT RENNA

75.      Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

76.      Defendant Renna unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from perpetration of constitutional violations by corrections officers, and her right to an action to

pursue a claim for the deprivation of these rights as enumerated by the Eight and Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

77.    Defendant Renna unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

78.    A reasonable person would have known that the acts and/or omission committed by Defendant Renna violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

79.    The unlawfulness of Defendant Renna's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

80.    Defendant Renna's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

81.    Defendants were aware of the risks to Plaintiff's personal safety.

82.    Defendants disregarded the risks to Plaintiff's personal safety.

83.    Defendants failed to take reasonable measures to protect Plaintiff's.

84.    Plaintiff suffered harm as a result of Defendants actions.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT III

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT DICKEY

85.     Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

86.     Defendant Dickey unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from perpetration of constitutional violations by corrections officers, and her right to an action to

pursue a claim for the deprivation of these rights as enumerated by the Eight and Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

87.    Defendant Dickey unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

88.    A reasonable person would have known that the acts and/or omission committed by Defendant Dickey violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

89.    The unlawfulness of Defendant Dickey's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

90.    Defendant Dickey's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

91.    Defendants were aware of the risks to Plaintiff's personal safety.

92.    Defendants disregarded the risks to Plaintiff's personal safety.

93.    Defendants failed to take reasonable measures to protect Plaintiff's.

94.    Plaintiff suffered harm as a result of Defendants actions.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT IV

### VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT BRADY

95.     Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

96.     Defendant Brady unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from perpetration of constitutional violations by corrections officers, and her right to an action to

16

pursue a claim for the deprivation of these rights as enumerated by the Eight and Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

97.     Defendant Brady unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

98.     A reasonable person would have known that the acts and/or omission committed by Defendant Brady violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

99.     The unlawfulness of Defendant Brady's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

100.    Defendant Brady's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

101.    Defendants were aware of the risks to Plaintiff's personal safety.

102.    Defendants disregarded the risks to Plaintiff's personal safety.

103.    Defendants failed to take reasonable measures to protect Plaintiff's.

104.    Plaintiff suffered harm as a result of Defendants actions.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT V

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT HASKELL

105.   Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

106.   Defendant Haskell unreasonably and/or intentionally committed acts and/or omissions while acting under color of state law that violated Plaintiff's clearly established rights to bodily integrity, to be free from perpetration of constitutional violations by corrections officers, and her right to an action to

pursue a claim for the deprivation of these rights as enumerated by the Eight and Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

107.   Defendant Haskell unreasonably and/or intentionally committed acts and/or omissions while acting under the color of state law that violated Plaintiff's clearly established right to due process as enumerated by the Fourteenth Amendment to the United States Constitution and Plaintiff's analogous rights under the Maine Constitution.

108.   A reasonable person would have known that the acts and/or omission committed by Defendant Haskell violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

109.   The unlawfulness of Defendant Haskell's acts and/or omissions was apparent at the time they were committed in light of pre-existing law.

110.   Defendant Haskell's actions showed a deliberate, malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

111.   Defendants were aware of the risks to Plaintiff's personal safety.

112.   Defendants disregarded the risks to Plaintiff's personal safety.

113.   Defendants failed to take reasonable measures to protect Plaintiff's.

114.   Plaintiff suffered harm as a result of Defendants actions.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT VI

### VIOLATION OF 42 U.S.C. § 1983 - DEFENDANT JOYCE

115.   Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

116.   Defendant Joyce was at all times mentioned herein responsible as Sheriff of Cumberland County for the recruitment, training, supervision, and discipline of all other Defendants.

117.    The constitutional and statutory violations of Plaintiff's rights committed by all other Defendants were caused by the acts and/or omissions of Defendant Joyce, including, but not limited to, his grossly negligent policies, customs and/or pattern of practice in recruitment, training, supervision, and discipline of all other Defendants.

118.    Defendant Joyce's acts and/or omissions amount to deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.    Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.    Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.    Such further relief as the Court deems proper and just.

## COUNT VII

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT KORTES

119.   Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

120.   Defendant Kortes at all times mentioned herein responsible as Major of the Cumberland County Sheriff's Department for the recruitment, training, supervision, and discipline of all other Defendants.

121.   The constitutional and statutory violations of Plaintiff's rights committed by all other Defendants were caused by the acts and/or omissions of Defendant Kortes, including, but not limited to, his grossly negligent policies, customs and/or pattern of practice in recruitment, training, supervision, and discipline of all other Defendants.

122.   Defendant Kortes' acts and/or omissions amount to deliberate, reckless or callous indifference to the constitutional rights of others, including Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.  *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.

## COUNT VIII

## VIOLATION OF 42 U.S.C. § 1983 – DEFENDANT CUMBERLAND COUNTY

123.   Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

124.   The policy, customs and practices of Cumberland County and its policy makers comprise the cause of and the moving force behind the constitutional violations at issue in this complaint.

125.    At all relevant times Defendant Joyce and Defendant Kortes were the policy makers within the Cumberland County Sheriff's Department hierarchy.

126.    At all relevant times, Defendant Joyce, Defendant Kortes and Cumberland County acquiesced in a custom, policy, or practice that violates clearly established constitutional rights.

127.    Defendant Cumberland County's policies and customs caused the deprivation of Plaintiff's clearly established constitutional and statutory rights and are tantamount to reckless, callous, or deliberate indifference to the rights of Plaintiff.

128.    Defendant Cumberland County's actions showed a malicious, reckless, or callous disregard of, or indifference to, the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    An amount of damages deemed reasonable by the trier of fact sufficient to compensate Plaintiff.

b.    Punitive damages in an amount sufficient to punish and deter Defendant in the future from engaging in this form of malicious conduct.

c.    An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law. *See* 42 U.S.C. § 1988.

e.      Such further relief as the Court deems proper and just.


## COUNT XI

## VIOLATION OF MAINE CIVIL RIGHTS

## ACT 5 M.R.S.A. § 4682

129.   Plaintiff herein incorporates each and every allegation and averment contained in the paragraphs listed above as fully set forth herein.

130.   Defendants intentionally attempted to interfere with the exercise and enjoyment of Plaintiff's rights secured by the United States and Maine Constitutions and the laws of the United States and the State of Maine.

131.   The aforementioned acts of Defendants caused Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter

Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by

law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## COUNT X - CIVIL CONSPIRACY

132.   Plaintiff herein incorporates each and every allegation and averment

contained in the paragraphs listed above as fully set forth herein.

133.   Defendants committed independently recognized torts contained

herein and/or violated Plaintiff's clearly established statutory and constitutional

rights.

134.   Defendants acted in concert to commit aforementioned unlawful acts

through unlawful means and in bad faith.

135.   Defendants caused harm to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant

judgment in favor of Plaintiff and against Defendants, and award Plaintiff the

following relief:

a.      An amount of damages deemed reasonable by the trier of facts

sufficient to compensate Plaintiff.

b.     Punitive damages in an amount sufficient to punish and deter

Defendants in the future from engaging in this form of malicious conduct.

c.     An award of pre-judgment interest from the earliest date allowable by

law at the highest rate allowable by law.

d.     Costs and attorneys' fees to the extent allowable by law.

e.     Such further relief as the Court deems proper and just.

### COUNT IX – VIOLATION of 30-A M.R.S.A. §1582

136.   Plaintiff herein incorporates each and every allegation and averment

contained in the paragraphs listed above as fully set forth herein.

137.   Maine law provides that pregnant inmates in correctional institutions

should not be clad in handcuffs absent the existence of extraordinary

circumstances.

138.   None of the extraordinary circumstances enumerated in the statute

exited with regard to Plaintiff.

139.   Defendants violated 30-A M.R.S.A. §1582 in their treatment of

Plaintiff.

140.   As a result of the violation Plaintiff suffered proximal injures

including physical and emotional pain and suffering, loss of life, loss of earnings,

and other injuries which are permanent and will continue into the future.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants, and award Plaintiff the following relief:

a.      An amount of damages deemed reasonable by the trier of facts sufficient to compensate Plaintiff.

b.      Punitive damages in an amount sufficient to punish and deter Defendants in the future from engaging in this form of malicious conduct.

c.      An award of pre-judgment interest from the earliest date allowable by law at the highest rate allowable by law.

d.      Costs and attorneys' fees to the extent allowable by law.

e.      Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 28th day of December, 2020.

By:  **Nichols & Churchill, PA**

/s/ Sarah A. Churchill
Sarah A. Churchill, Esq.
Attorney for Plaintiff

NICHOLS & CHURCHILL, PA
1250 Forest Avenue
Portland, ME 04103
(207)879-4000
schurchill@nicholschurchill.com