UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

JADEN BROWN,

               Plaintiff,

     vs.

CUMBERLAND COUNTY, et al.,

               Defendants.

Civil No. 20-478-NT

## DEFENDANTS SAM DICKEY, DEPUTY CARRIE BRADY, AND DEPUTY DANIEL HASKELL'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rules 7 and 56 and Federal Rule of Civil Procedure 56, Defendants Sam Dickey, Deputy Carrie Brady, and Deputy Daniel Haskell (collectively "the Officer Defendants") hereby submit the following statement of material facts in support of their Motion for Summary Judgment. Any and all assertions of fact in this document are offered for the purposes of the Motion for Summary Judgment only. Local Rule 56(g) (facts deemed admitted solely for the purposes of summary judgment shall not be deemed admitted for purposes other than determining whether summary judgment is appropriate).

1.     At the time of the events in this case, Plaintiff Jaden Brown was serving three consecutive five-month sentences at the Cumberland County Jail ("the Jail") for trafficking heroin. (Deposition of Jaden Brown at 24/24 to 25/24; Doc. 78-1, #318-319 (hereinafter cited as "Brown Dep. at ___/___").

2.     Ms. Brown entered the Jail on July 19, 2018 and was released on February 13, 2019, two days after the birth of her daughter. (Brown Dep. at 26/2 to 27/11; Doc. 78-1, #319).

3.     Ms. Brown was pregnant when she entered the Jail on July 19, 2018. (Brown Dep. at 138/15-21; Doc. 78-1, #347).

4.      Ms. Brown started having contractions during the morning of February 10, 2019. (Brown Dep. at 89/19-24; Doc. 78-1, #335).

5.      The Jail transported Ms. Brown to Maine Medical Center, arriving at about 11:15 a.m. on February 10. (Brown Dep. at 26/2 to 27/11; Doc. 78-1, #319).

6.      From the time Ms. Brown arrived at MMC until about 10:45 p.m. on February 10, a deputy from the Cumberland County Sheriff's Office was stationed in Ms. Brown's hospital room. (Brown Dep. at 91/19 to 92/10; 94/8-15; Doc. 78-1, #335 and #336).

7.      On February 10, 2019, Sgt. Haskell's work assignment for the Jail included supervision of the Jail's hospital detail at MMC for the 3:00 p.m. to 11:00 p.m. shift. (Affidavit of Daniel Haskell ¶¶ 1-2; Doc. 78-5, #370 (hereinafter cited as "Haskell Aff. ¶ ___").

8.      On February 10, 2019, Sgt. Haskell was supervising a Sheriff's deputy assigned to provide security related to Ms. Brown. (Haskell Aff. ¶ 3; Doc. 78-5, #370).

9.      Sgt. Haskell's shift for the Jail ended on February 10, 2019 at 10:30 p.m. (Haskell Aff. ¶ 5; Doc. 78-5, #370).

10.     Sgt. Haskell was not present at MMC after 11:00 p.m. on February 10, 2019 and he was not present when Ms. Brown gave birth. (Haskell Aff. ¶ 5; Doc. 78-5, #370).

11.     On February 10, 2019, Deputy Dickey's work assignment for the Jail was the 11:00 p.m. to 7:00 a.m. shift of the hospital detail at MMC. (Affidavit of Sam Dickey ¶¶ 1-2; Doc. 78-3, #366 (hereinafter cited as "Dickey Aff. ¶ ___").

12.     Deputy Dickey was stationed on February 10, 2019 to provide security related to Ms. Brown. (Dickey Aff. ¶ 3; Doc. 78-3, #366).

13.     Deputy Dickey has participated in hundreds of hospital details during his tenure with the Cumberland County Sheriff's Office. (Defendant Dickey's Objections and Responses to Plaintiff's First Set of Interrogatories ¶ 9, at 4; Doc. 78-11, #406 (hereinafter cited as "Dickey Interrog. Ans. ¶ ___, at ___").

14.     The hospital detail assignment has always been to stay with the inmate, as they are in the County's custody and the County provides security for both the inmate and hospital staff. (Dickey Interrog. Ans. ¶ 9, at 4; Doc. 78-11, #406).

15.     Deputy Dickey has witnessed many inmates acting out during his hospital details, and experience has shown him it can happen at any time with any inmate. (Dickey Interrog. Ans. ¶ 9, at 4; Doc. 78-11, #406).

16.     On February 10, 2019, Officer Brady's work assignment for the Jail was the 11:00 p.m. to 7:00 a.m. shift of the hospital detail at MMC. (Affidavit of Carrie Brady ¶¶ 1-2; Doc. 78-4, #368 (hereinafter cited as "Brady Aff. ¶ ___").

17.     Officer Brady was stationed on February 10, 2019 to provide security related to Ms. Brown. (Brady Aff. ¶ 3; Doc. 78-4, #368).

18.     At about 1:11 a.m. on February 11, 2019, Ms. Brown gave birth to her daughter, after about 15 minutes of pushing. (Brown Dep. at 93/4-17; Doc. 78-1, #336).

19.     At all times prior to the delivery of the baby, Ms. Brown was dressed in a hospital johnny. (Brown Dep. at 101/6-14; Doc. 78-1, #338).

20.     Prior to the delivery of the baby the medical staff used sheets to cover Ms. Brown up when they performed examinations. (Brown Dep. at 101/22 to 102/12; Doc. 78-1, #338).

21.     During the medical examinations, Ms. Brown believes that her breasts may have been uncovered for a few seconds.  (Brown Dep. at 101/22 to 102/12; Doc. 78-1, #338).

22.     During the medical examinations, Ms. Brown was watching what the doctors were doing and was not watching what the officers were doing. (Brown Dep. at 104/3-6; Doc. 78-1, #338).

23.     Ms. Brown does not know if the officers who were present in the room at the time the examinations occurred were observing her. (Brown Dep. at 102/13-16; Doc. 78-1, #338).

24.     Other than the examinations described above, Ms. Brown was covered with a johnny and a sheet. (Brown Dep. at 103/24 to 104/2; Doc. 78-1, #338).

25.     During the delivery, the medical staff that was present included two doctors, two or three students, and one nurse. (Brown Dep. at 111/20 to 112/7; 113/7-12; Doc. 78-1, #340 and #340).

26.     Ms. Brown also alleges that Officer Brady and Deputy Dickey were in her hospital room during the delivery. (Brown Dep. at 111/20-24; Doc. 78-1, #340).

27.     Ms. Brown is not sure if Sgt. Haskell was in her hospital room during the delivery. (Brown Dep. at 105/6-11; Doc. 78-1, #339).

28.     During the delivery, Ms. Brown primarily focused on one student who was assisting in the delivery. (Brown Dep. at 104/7-14; Doc. 78-1, #338).

29.     Ms. Brown does not know what the officers in the room were doing when she was delivering the baby. (Brown Dep. at 111/8-19; Doc. 78-1, #340).

30.     During Officer Brady's security shift related to Ms. Brown, she had no plan or intent to view Ms. Brown's naked body. (Brady Aff. ¶ 4; Doc. 78-4, #368).

31.     During Officer Brady's security shift related to Ms. Brown, she did not place herself in a position to observe Ms. Brown's naked body. (Brady Aff. ¶ 5; Doc. 78-4, #368).

32.     Officer Brady never observed Ms. Brown's naked body. (Brady Aff. ¶ 6; Doc. 78-4, #368).

33.     Officer Brady never observed Ms. Brown's exposed breasts or genitals. (Brady Aff. ¶ 7; Doc. 78-4, #368).

34.     During Deputy Dickey's security shift related to Ms. Brown, he had no plan or intent to view Ms. Brown's naked body. (Dickey Aff. ¶ 4; Doc. 78-3, #366).

35.     During Deputy Dickey's security shift related to Ms. Brown, he did not place himself in a position to observe Ms. Brown's naked body. (Dickey Aff. ¶ 5; Doc. 78-3, #366).

36.     Deputy Dickey never observed Ms. Brown's naked body. (Dickey Aff. ¶ 6; Doc. 78-3, #366).

37.     Deputy Dickey never observed Ms. Brown's exposed breasts or genitals. (Dickey Aff. ¶ 7; Doc. 78-3, #366).

38.     During Sgt. Haskell's supervision of the security shift related to Ms. Brown, he had no plan or intent to view Ms. Brown's naked body. (Haskell Aff. ¶ 7; Doc. 78-5, #370).

39.     During Sgt. Haskell's supervision of the security shift related to Ms. Brown, he did not place himself in a position to observe Ms. Brown's naked body. (Haskell Aff. ¶ 8; Doc. 78-5, #370).

40.     Sgt. Haskell never observed Ms. Brown's naked body. (Haskell Aff. ¶ 9; Doc. 78-5, #370).

41.     Sgt. Haskell never observed Ms. Brown's exposed breasts or genitals. (Haskell Aff. ¶ 10; Doc. 78-5, #370).

42.     Officer Brady is a female. (Brown Dep. at 105/12-13; Doc. 78-1, #339).

Dated at Portland, Maine this 30th day of September, 2022.

> Attorneys for Defendants Sam Dickey,
> Deputy Carrie Brady, and Deputy Daniel Haskell
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com

BY:     /s/ John J. Wall, III
        John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I electronically filed **Defendants Sam Dickey, Deputy Carrie Brady, and Deputy Daniel Haskell's Statement of Material Facts in Support of Motion for Summary Judgment** using the CM/ECF system, which will provide notice to me and all other counsel of record.

Dated at Portland, Maine this 30th day of September, 2022.

Attorneys for Defendants Sam Dickey,
Deputy Carrie Brady, and Deputy Daniel Haskell
MONAGHAN LEAHY, LLP
95 Exchange Street, P.O. Box 7046
Portland, ME 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

BY:  /s/ John J. Wall, III
John J. Wall, III